### 19284

Lessie Mae RILEY, Appellant, v. Caroline K. NELSON and L. T. CASON, Respondents. Marvin RILEY, Appellant, v. Caroline K. NELSON and L. T. CASON, Respondents.

(183 S. E. (2d) 328)

*Messrs. Joseph W. Hudgens* and *Theo W. Mitchell,* of Greenville, *for Appellants,*

*George F. Townes, Esq., Abrams, Bowen and Townes,* of Greenville, *for Respondents,*

September 2, 1971.

Bussey, Justice.

These two cases involve identical questions and were, by agreement, argued together. The respondent Nelson is the

owner of a building at 619 Green Avenue, in the City of Greenville, the respondent Cason being her agent. Each of the appellants Riley has occupied one half of the aforesaid building as a tenant since either the year 1965 or 1966.

In May 1970, the landlord commenced eviction proceedings against each of the tenants for nonpayment of rent. Each tenant filed a return to the magistrate's rule asserting identical defenses, which will be hereinafter referred to. Motions on the part of the landlord to strike such defenses were granted and orders of eviction issued by the magistrate. Appeals to the Court of Common Pleas were taken by each of the tenants and the appeals here are from orders of that court affirming the judgments of the magistrate.

As summarized in the statement of the case, the defenses asserted by each of the tenants in magistrate's court were as follows:

"1. That a tenant has no duty to pay rent on a dwelling which is substandard as determined by the Minimum Standard Housing Code of the City of Greenville, South Carolina.

"2. That a tenant has no duty to pay a rental increase which is based on the rental agent's attempt to comply with the Minimum Standard Housing Ordinance of the City of Greenville, when such did not comply adequately to bring the dwelling up to standard, and when such attempted compliance is used as the sole basis to raise the rent of the tenant."

The City of Greenville, pursuant to provisions of Title 36, Chapter 5 of the 1962 Code, Sections 36-501 through 36-511, enacted the Minimum Standard Housing Code of the City of Greenville in the year 1968. From the returns of the tenants it would appear that on or about February 3, 1969, the appropriate official of the City of Greenville notified the landlord that the building occupied by the tenants was in some particulars in violation of the Housing Code. The landlord attempted to comply, but raised the rent for each tenant from $8.00 to $12.00 per week. The tenants

assert, however, that the landlord had still not fully complied and that the property was still in violation of the Housing Code in several particulars at the time of the eviction notices. Both tenants admitted that no rent had been paid since the landlord attempted to comply with the Code.

In brief summary, the tenants contend that as long as the rental property is in violation of the Minimum Standard Housing Code the landlord is not entitled to any rent and the tenants are under no obligation to pay rent, at either the old or a new rate, and that they may not be evicted for nonpayment. While counsel for the tenants most zealously and ingeniously argues such contentions from a number of approaches, we are aware of no provision in either the enabling statutes or the municipal ordinance which soundly supports such contentions. Neither are we aware of any court decision, in point, which truly supports such contentions.

These contentions on the part of the tenants obviously have their genesis in the case of *Brown v. Southall Realty,* 237 A. (2d) 834 (D. C. Ct. of App.), wherein it was held that where the owner of dwelling property, knowing that housing violations existed on the property which rendered it unsafe and unsanitary, executed a lease for such property, such lease was void and could not be enforced. While the same rule was applied by the same court in *Diamond Housing Corp. v. Robinson,* 257 A. (2d) 492, that court in *Saunders v. First National Realty Corp.,* 245 A. (2d) 836, refused to extend such rule to cases where violations occurred during the tenancy, instead of prior to the commencement thereof, and with reference to the *Brown v. Southall* case the court said,

*"We did not hold and we now refuse to hold that violations occurring after the tenancy is created void the lease."* (Emphasis added.)

The Supreme Court of Wisconsin in the case of *Posnanski v. Hood,* 46 Wis. (2d) 172, 174 N. W. (2d) 528

(1970), rejected the rationale of the *Brown v. Southall* decision and arrived at a conclusion contrary thereto. But, in any event, under the facts of this case the rule in *Brown v. Southall,* even if adopted in this jurisdiction, would not render the respective rental contracts illegal. Both the Housing Code and the alleged violations thereof followed the inception of the respective tenancies by several years, rather than preceding them as in *Brown v. Southall.*

It is, at best, doubtful whether all of the ingenious arguments and contentions made on appeal were actually raised and properly preserved below, but we have nevertheless, carefully considered them all and concluded that all of the exceptions of the appellants are without merit. The judgment of the court below is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.